SO ORDERED.

SIGNED this 11th day of June, 2020.





Robert E. Nugent
United States Bankruptcy Judge

_____

DESIGNATED FOR ONLINE PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: <br><br> PIXIUS COMMUNICATIONS, LLC, <br><br>                Debtor. | Case No. 19-11749 <br> Chapter 11 |
| IN RE: <br><br> WISPer VENTURES LEASING, LLC, <br><br>                Plaintiff, <br> vs. <br><br> PIXUS COMMUNICATIONS LLC; ROBERT G. HANSON; JAY S. MAXWELL, individually and as trustee of Jay S. Maxwell Trust; JAMES R. VOSBURGH, individually and as trustee of Vosburgh Family Revocable Trust; CAROL L. MURRAY, individually and as Trustee of the Carol L. Murray Living Trust; LIES INVESTMENTS, LP; LV PROPERTIES, GP; JOHN | Adv. No. 19-5110 |

1

| DOES 1-10; JANE DOES 1-10; ABC ENTITIES 1-10, |
| Defendants. |

### ORDER DENYING PLAINTIFF'S MOTION
### TO REMAND and TO ABSTAIN

Claims related to bankruptcy cases may be removed to district courts who may hear them or refer them to bankruptcy courts. The district or bankruptcy court can hear a removed state court action if the action is a core proceeding, arises out of a bankruptcy case, or is related to a bankruptcy case pending in their district.[1] The removed-to court must determine whether the removal is procedurally proper and decide whether to equitably remand the proceeding.[2] That court also has discretion to abstain from hearing a state court proceeding.[3] Pixius's removal of WISPer Ventures Leasing's Arizona state court case against it and some of its members, and WISPer's motion for remand and alternatively, to abstain, presents about every issue a removal-remand controversy could but in the end, the equities favor this Court's retention of the removed case and denying WISPer's motion to remand and to abstain.

Background

Vastly simplified, WISPer Ventures Leasing LLC, ("WVL") leased or sold equipment to internet service provider Pixius, a limited liability company. A group

---

[1] 28 U.S.C. § 1452(a).
[2] 28 U.S.C. § 1452(b).
[3] 28 U.S.C. § 1334(c)(1).

**2**

of Pixius's members, including Robert G. Hanson, Carol L. Murray as trustee of the Carol L. Murray Living Trust, James R. Vosburgh as trustee of the James R. Vosburgh Living Trust, Jay S. Maxwell as trustee of the Jay S. Maxwell Living Trust, Lies Investments L.P., and LV Properties, GP ("the Subordinated Members") executed subordination agreements whereby they agreed not to receive any payments from Pixius until WVL's debt was paid in full. Those members, save LV Properties, acquired Pixius's debt to CrossFirst Bank and are secured creditors of Pixius (the "CrossFirst Members"). The CrossFirst Members' rights to payment as creditors under the CrossFirst loan documents were likewise subordinated to payment of WVL's debt. When Pixius filed its chapter 11 petition on September 13, 2019, it requested leave to use the CrossFirst Members' cash collateral. That request was granted, conditioned on Pixius adequately protecting the group's interests by permitting them to retain their liens in Pixius's property, some of which was leased or sold to Pixius by WVL, and all of which has subsequently been sold in the bankruptcy case. Controversies remain concerning who is to be paid what from the sale proceeds. WVL concedes that it is a secured creditor of Pixius, not a lessor.[4]

      In August of 2019, before Pixius filed its chapter 11 case, WVL sued it and the Subordinated Members in Arizona state court. Against Pixius, WVL sought to collect its debt. Against the Subordinated Members, it sought to collect payments made by Pixius to them in various amounts before WVL was paid in full. As to the CrossFirst Members, WVL sought repayment of all funds paid by Pixius either to

---

[4] No. 19-11749, Doc. 324, ¶ 8; Doc. 345, ¶s 3-4, 9.

CrossFirst or the CrossFirst Members. After Pixius filed bankruptcy, it removed the Arizona case on October 7, 2019 directly to this Court.[5] WVL voluntarily dismissed Pixius from the removed action and moved to remand the case to Arizona state court.[6] Recently, Pixius filed an adversary proceeding against WVL in this Court seeking a determination that WVL is a secured creditor rather than a lessor and the value of WVL's security interests.[7] Pixius has also filed a motion in its bankruptcy case to distribute the sale proceeds that implicates the same issues.[8] WVL has objected to the values Pixius has assigned its collateral. WVL has also filed proofs of claims related to its collateral and the subordination agreements.[9] The presence of these intertwined issues in three matters now pending in two courts requires that I determine where all of the WVL-Pixius-Member Groups[10] disputes should be resolved.

Analysis

*WVL's "Late" Remand Motion is not Fatal to Addressing its Merits.*

WVL moved to remand or abstain (the "Motion") on the 30th day after Pixius's notice of removal.[11] It argues that Pixius (1) improperly removed the case to

---

[5] Adv. Doc. 1. The Notice of Removal was filed with the Arizona state court on October 16, 2019 pursuant to Fed. R. Bankr. P. 9027(c). *See* Adv. Doc. 5.
[6] Adv. Doc. 8 (Notice of voluntary dismissal filed November 5, 2019 pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), made applicable in adversary proceedings by Fed. R. Bankr. P. 7041); Adv. Doc. 9 (WVL's motion for remand, or alternatively, motion to abstain, filed November 6, 2019).
[7] *See Pixius Communications LLC v. WISPer Ventures Leasing LLC,* Adv. No. 20-5065 (Bankr. D. Kan.) filed April 13, 2020.
[8] Doc. 311 and 312.
[9] *See* Claim 49-1 filed January 16, 2020, and Claim 63-1 filed January 20, 2020.
[10] As used in this Order the term "Member Groups" refers collectively to the CrossFirst Members and the Subordinated Members as described previously.
[11] The notice of removal was filed in this Court on October 7, 2019 and the remand Motion was filed on November 6, 2019.

this Court rather than the U.S. District Court for the District of Arizona under the bankruptcy removal statute, 28 U.S.C. § 1452(a); and (2) that this Court should equitably remand under § 1452(b) or abstain under 28 U.S.C. § 1334(c)(1). Pixius and the Member Groups argue that WVL's Motion was late under this District's local bankruptcy rule, D. Kan. L.B.R. 9027.1. That rule provides that a remand motion from a § 1452 removal should be filed within 21 days of the notice of removal. Fed. R. Bankr. P. 9027 controls removals. Rule 9027(d) governs remands from bankruptcy removals but provides no time limit for filing a motion for remand or abstention under § 1334.[12] This Court imposed the 21-day rule to prompt removed parties to seek remand with dispatch. A court may always consider the nature and extent of its jurisdiction, even if no party requests it.[13] Moreover, the Court always retains the discretion to permit a motion to remand a case removed under § 1452 so long as the motion complies with the terms of Fed. R. Bankr. P. 9027.[14] This one does. I conclude that filing the remand motion nine days later than the local rule requires—a procedural misstep—doesn't bar my considering its merits.

---

[12] The Court notes that a party seeking abstention must file a motion for transfer in the bankruptcy court under D. Kan. Rule 83.8.6(a), certifying the grounds for transfer. Rule 83.8.6(b)(3) provides that the motion for transfer of a removed case must be filed within 20 days after notice of removal. Finally, the consequences of an untimely motion to transfer under Rule 83.8.6(b)(5) is that it "shall be construed as consent to final entry of judgment in the Bankruptcy Court." Thus, even if WVL's Motion is construed as a motion to transfer on abstention grounds, it is untimely and WVL is deemed to consent to the Bankruptcy Court's entry of a final entry of judgment. *See also* D. Kan. Rule 83.8.7.
[13] *See Billington v. Winograde (In re Hotel Mt. Lassen, Inc.),* 207 B.R. 935, 939 (Bankr. E.D. Cal. 1997) (holding that remand motion of bankruptcy removal raising question of subject-matter jurisdiction was timely even though not raised within 30-day time limit of general remand statute).
[14] Because a remand motion under § 1452(b) is based upon "any equitable ground," the timing of the remand motion may be a factor to be considered in determining whether remand is appropriate. *Id.* (delay in seeking remand may be an equitable factor against remand).

5

*Wrong-Court Removal Should Not Bar Retention of This Proceeding*

A more difficult question is whether Pixius's failure to remove this case to the appropriate tribunal should bar my retaining it. Pixius removed this case under 28 U.S.C. § 1452, the bankruptcy removal statute.[15] It permits under subsection (a) removal of—

> any claim or cause of action in a civil action [with a couple of exceptions not relevant here]... to the district court for the district *where such civil action is pending,* if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.[16]

Where the state court case is in a different federal district from the bankruptcy case, removal is normally a two-step process.[17] Pixius should have removed the Arizona state court action to the United States District Court for the District of Arizona (or the United States Bankruptcy Court for the District of Arizona) and then filed a motion to transfer to the Kansas bankruptcy court where Pixius's bankruptcy was pending. *Collier's* bankruptcy treatise notes that in some districts, a bankruptcy-related matter removed to district court is often "automatically referred" to the bankruptcy court in that district pursuant to standing orders

---

[15] *See* Richard Levin & Henry J. Sommer, eds.-in-chief, 1 COLLIER ON BANKRUPTCY ¶ 3.07[1] at pp. 89-91 (16th ed. 2019) ("COLLIER") noting several differences between the bankruptcy removal statute and the general removal statute, § 1441. Fed. R. Bankr. P. 9027 governs § 1452(a) removals. *See also Shared Network Users Group, Inc. v. WorldCom Technologies, Inc.,* 309 B.R. 446, 449 (E.D. Pa. 2004).

[16] Section 1452(a) (Emphasis added). *Lennar Corp. v. Briarwood Capital LLC,* 430 B.R. 253, 261 (Bankr. S.D. Fla. 2010) (noting removal jurisdiction under § 1452 is based on the pendency of a bankruptcy case but a state court case removed under § 1452(a) is not removed to the district where the bankruptcy case is pending, but rather to the district where the state court case was pending).

[17] *See Roberts v. Bisno (In re Bisno),* 433 B.R. 753, 757 (Bankr. C.D. Cal. 2010).

**6**

promulgated under 28 U.S.C. § 157(a).[18] Pixius erred procedurally in removing this proceeding directly to the Kansas bankruptcy court.

Some districts allow the notice of removal of a state case to be filed directly with the clerk of the bankruptcy court (bypassing the district court) in the district where the civil action is pending.[19] That frequently happens in this District.[20] Caselaw suggests that when the bankruptcy case is pending in a different district, the party filing the notice of removal should file with it a motion to transfer the removed proceeding to the judicial district in which the bankruptcy case is pending.[21] The district or bankruptcy court of the district where the state case is pending has jurisdiction to hear a remand motion and transfer motion where the bankruptcy case is pending in another district.[22] Most courts presented with a

---

[18] 1 COLLIER, ¶ 3.07[1] at p. 91.
[19] A majority of courts have concluded that direct removal to the bankruptcy court is permissible because, *inter alia,* the bankruptcy court constitutes a "unit" of the district court, such that removal of a claim or cause of action directly to the bankruptcy court is the "functional equivalent" of removal to the district court. *See, e.g., Indus. Clearinghouse, Inc. v. Mims (In re Coastal Plains, Inc.),* 338 B.R. 703, 710-12 (N.D.Tex.2006) (following majority view and citing 28 U.S.C. § 151); *Bank of America, N.A. v. Brennan Title Co. (In re Donoho),* 402 B.R. 687, 692 (Bankr.E.D.Va.2009) (collecting cases). Other courts note that notices of removal are properly filed directly in the bankruptcy court if the district court has entered a general order of reference to the bankruptcy court. *In re Donoho,* 402 B.R. at 692 (collecting cases).
[20] *See* D. Kan. L.B.R. 9027.1(a). The District of Kansas also has a standing order of reference to the Kansas bankruptcy court. *See* Amended Standing Order of Reference, D. Kan. S.O. No. 13-1 dated June 24, 2013, reprinted in District of Kansas Rules of Practice and Procedure for District and Bankruptcy Court (March 17, 2018), p. 193.
[21] *See Meritage Homes Corp. v. JPMorgan Chase Bank, N.A.,* 474 B.R. 526 (Bankr. S.D. Ohio 2012) (JP Morgan filed notice of removal of Ohio state court case in Ohio bankruptcy court and motion to transfer removed case to Nevada district court where bankruptcy case was pending in Nevada bankruptcy court); *In re Bisno,* 433 B.R. 753, 757; *Furr v. Barnett Bank (In re S&K Air Power of Florida, Inc.),* 166 B.R. 193, 194 (Bankr. S.D. Fla. 1994).
[22] *Meritage Homes Corp.,* 474 B.R. at 535.

7

remand and transfer motion first address the remand because it raises jurisdictional issues and doing so is consistent with removal procedures.[23]

But what if the removing party removes the case to the wrong district? Here the caselaw is mixed. Some courts hold that a wrong-court removal is a jurisdictional problem and should result in an immediate remand. In a case where the chapter 7 trustee removed a state court action to federal district court for a district other than the one where the state case was pending, the bankruptcy court held that it lacked jurisdiction over the removed action and that it had to be remanded to state court.[24] Other courts suggest that such errors are strictly procedural and don't affect the receiving court's jurisdiction.[25] At least one circuit's Court of Appeals holds that failure to comply with the geographical requirements of the removal rule "does not deprive the district court of subject-matter jurisdiction in a removal case."[26] The Tenth Circuit has not spoken on this question. It seems likely that upon removal of this case to the Arizona federal district court (or Arizona

---

[23] *Lennar Corp. v. Briarwood Capital LLC,* 430 B.R. 253, 260-61 (Bankr. S.D. Fla. 2010) (notice of removal of Florida state court case filed in Florida bankruptcy court where removal jurisdiction was based on pending California bankruptcy case.); *In re Caesars Entertainment Operating Company, Inc.,* 588 B.R. 233, 237-38 (9th Cir. BAP 2018) (only in rare circumstances should bankruptcy court rule on motion to transfer venue prior to concurrent motion to remand to state court).

[24] *In re S&K Air Power of Florida, Inc.,* 166 B.R. 193, 194-95. *See also National Developers, Inc. v. Ciba-Geigy (In re National Developers, Inc.),* 803 F.2d 616, 620 (11th Cir. 1986) (deeming § 1478(a) (the predecessor to § 1452) jurisdictional and not waivable).

[25] *See In re Bisno*, 433 B.R. 753, 757-58 (Bankr. C.D. Cal. 2010) (concluding that removal to wrong district was procedural error and stating majority view that a removal to the wrong federal court is a venue problem, not a jurisdictional problem); *Cambridge Co. v. Cotton (In re Trafficwatch),* 138 B.R. 841, 844 (Bankr. E.D. Tex. 1992) (describing language of bankruptcy removal statute as a venue provision and disagreeing with *National Developers*; concluding wrong-court removal is a procedural defect that can be waived).

[26] *Peterson v. BMI Refactories, Inc.*, 124 F.3d 1386, 1388 (11th Cir 1997) (describing as a procedural defect, the removal to the wrong federal court; removal under the general removal statute, 28 U.S.C. § 1441(a)).

8

bankruptcy court), a motion to transfer the action to the District of Kansas would not only have been in order but would likely have been granted. Skipping those steps is a procedural error, nothing more. After all, this Court has jurisdiction of Pixius's assets and therefore has jurisdiction to determine whether the Arizona action is within the bankruptcy court's core jurisdiction or is sufficiently related to the Pixius case.[27]

*Legal and Equitable Grounds Favor the Court's Retention of this Proceeding*

**Related-to Jurisdiction Exists**

WVL argues remand should be granted because this Court lacks subject-matter jurisdiction of the removed Arizona action, which it casts as a state contract law dispute between non-debtor parties WVL and the Member Groups; Pixius is no longer a party to the action because WVL dismissed debtor after the case was removed.[28] But that narrow view ignores the cat's-cradle that is the interrelationship of the debtor and the claims of the Member Groups and WVL. WVL is a secured creditor, not a lessor, of Pixius. Its collateral is the equipment sold to Pixius at a time that CrossFirst also had security interests in Pixius's assets. CrossFirst later assigned its liens to the CrossFirst Members. That means that any

---

[27] *See Texas Gulf Trawling Co. v. RCA Trawlers & Supply, Inc. (In re Ciclon Negro, Inc.),* 260 B.R. 832, 837 (Bankr. S.D. Tex. 2001) (bankruptcy court can consider *sua sponte* its jurisdiction over the subject matter and whether to remand the matter to state court); *LMRT Assocs, LC v. MB Airmont Farms, LLC,* 447 B.R. 470, 474 (E.D. Va. 2011) (holding that it was preferable "as a matter of comity" for bankruptcy court where defendant improperly removed pending breach of contract action from the Eastern District of Virginia to the Bankruptcy Court for the District of Maryland, to determine if remand is appropriate).

[28] *Celotex Corp. v. Edwards,* 514 U.S. 300, 308 (1995) (agreeing with the views expressed in *Pacor* and recognizing suits between third parties that may have an effect on bankruptcy estate as related to bankruptcy).

**9**

dispute between Pixius and the Subordinated and CrossFirst Members directly affects what Pixius owes WVL and the extent of its liens. That invokes this Court's core jurisdiction to determine the validity, extent, and priority of WVL's liens under 28 USC § 157(b)(2)(K). Likewise, because whatever WVL collects from the subordinated Member Groups (other than attorneys' fees) would be applied to WVL's claim, this action affects the allowance of that claim, another aspect of core jurisdiction under § 157(b)(2)(B). Plus, there are intramural disputes among the members of the Member Groups that could affect how much they owe WVL.

Even if these intramural claims aren't "core," they are "related to" the bankruptcy case. A case is "related-to" if its outcome could alter the rights and liabilities of the debtor or in any way impact the handling and administration of the case.[29] If some or all of the CrossFirst Members are liable to WVL for what Pixius paid to CrossFirst or themselves as CrossFirst's assignees, what WVL recovers would be a credit against WVL's claim in the case. Those members may then have an indemnity or suretyship claim against Pixius. There are also potential lien and payment priority disputes between WVL and the Member Groups that touch on the underlying case's administration. While bankruptcy courts should remand proceedings that have no "logical possibility" of affecting the bankruptcy estate,[30] there is every logical possibility that the outcome of the WVL-Member Groups

---

[29] *Gardner v. United States (In re Gardner)*, 913 F. 2d 1515, 1518 (10th Cir. 1990) (applying *Pacor's,* test of related-to jurisdiction: "whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy" (citations omitted)). *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984).

[30] *In re Federal-Mogul Global, Inc.,* 300 F.3d 368, 375 (3d Cir. 2002) (quoting the *district court's* determination that a non-debtor dispute must by itself create the "logical possibility" that the estate will be affected in order to be "related-to" the bankruptcy under *Pacor*.)

**10**

disputes will affect the estate in some way. Indeed, it's difficult to see how the Arizona proceeding could *not* affect the administration of the bankruptcy case. I therefore conclude that I have subject-matter jurisdiction of the removed Arizona case.

### Remand on Equitable Grounds is Unwarranted

Though I conclude this Court has subject-matter jurisdiction, I consider whether the Arizona action should be remanded on "any equitable ground" under § 1452(b).[31] The courts have identified several factors—factors that overlap and are similar to the factors for exercising permissive abstention noted below: (1) convenience of the forum; (2) presence of non-debtor parties; (3) whether the case should be tried as a whole in state court; (4) the duplicative and uneconomic effect of judicial resources in two forums; (5) the lessened possibility of inconsistent results; (6) whether the state court is better able to handle state law issues; (7) the expertise of the bankruptcy court; (8) the degree of relatedness or remoteness to the main bankruptcy case; (9) prejudice to involuntarily removed parties; (10) whether forum-shopping is involved; (11) the burden on the bankruptcy court's docket; and (12) comity considerations.[32] Because these factors are addressed in the abstention analysis below, the Court will not repeat that analysis here.

### The Court Declines to Exercise Permissive Abstention

---

[31] *See In re Donoho,* 402 B.R. 687, 698 (noting that remand on equitable grounds is the counterpart, in the removal context, of the court's power to abstain from hearing an original action under § 1334(c)(1)); *Montalvo v. Vela (In re Montalvo),* 559 B.R. 825, 834 (Bankr. S.D. Tex. 2016) (noting similarity of equitable remand and permissive abstention—considering similar factors in deciding whether to remand or abstain).

[32] *In re Ciclon Negro, Inc.,* 260 B.R. 832, 837.

WVL has requested in the alternative that this Court exercise permissive abstention under § 1334(c)(1).[33] Permissive, or discretionary, abstention allows a bankruptcy court to abstain from hearing core and non-core matters based on the interest of justice, judicial economy, or respect for state law.[34] It is based on a variety of factors from developed caselaw.[35] Those that dispose toward retaining this proceeding are whether the outcome of the removed case will affect estate administration (it will), whether the state court case duplicates some of what must be done here (it does), whether the controversies in that case are related to or remote from the main case (they're related), whether it's feasible to sever the Member Groups-WVL disputes from the main case (it's not), and whether retaining this action burdens the Court's docket (it doesn't). Those factors that weigh against retaining it are whether the claims are state law based (they are), whether there was a pre-existing state court proceeding (there was), whether WVL is entitled to a jury trial (it is), and whether there are non-debtor parties (there are).[36] The forum-

---

[33] It doesn't appear this court is required to abstain under § 1334(c)(2) as there is diversity of citizenship among WVL, Pixius, and the members.

[34] *In re Telluride Income Growth, LP,* 364 B.R. 390, 398 (10th Cir. BAP 2007).

[35] *See Commercial Financial Services, Inc. v. Bartmann (In re Commercial Financial Services, Inc.),* 251 B.R. 414, 429 (Bankr. N.D. Okla. 2000) (recognizing origins of "well-worn" factors and citing *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.),* 912 F.2d 1162, 1167 (9th Cir.1990)). The twelve factors are: (1) the effect that abstention would have on the efficient administration of bankruptcy estate; (2) the extent to which state law issues predominate; (3) the difficulty or unsettled nature of applicable state law; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (5) the federal jurisdictional basis of the proceeding; (6) the degree of relatedness of the proceeding to the main bankruptcy case; (7) the substance of asserted "core" proceeding; (8) the feasibility of severing the state law claims; (9) the burden the proceeding places on the bankruptcy court's docket; (10) the likelihood that commencement of the proceeding in bankruptcy court involves forum-shopping by one of parties; (11) the existence of a right to jury trial; and (12) the presence of nondebtor parties in the proceeding.

[36] This matter remains at the pleading stage in Arizona; all defendants have answered the complaint save Pixius. It is not far along in the litigation process.

shopping factor weighs neutral here: The action could've been filed in Arizona state court or in this Court. The factors favoring retention predominate.

Many of the factual disputes to be litigated in the Arizona action are identical with those this Court has before it. Plus, this Court should resolve what WVL and the other creditors should receive from this estate sooner rather than later. There is no reason to believe that the Arizona state court can determine what the Member Groups owe WVL any sooner than this Court can. And, though WVL has not consented to this Court's conducting a jury trial or entering final judgment, I can make, at a minimum, proposed findings of fact and conclusions of law after trial of the removed case.[37]

The outcome of the removed action bears heavily on the administration of the Pixius bankruptcy estate. All the counter-parties necessary to resolve its issues are within this Court's jurisdiction as is WVL itself—WVL has filed claims and has appeared actively in the case without any reservation.

Conclusion

The procedural defects in the notice of removal and motion for remand do not prevent me from determining whether I should retain or remand the Arizona state

---

[37] WVL has likely waived its right to a jury trial by filing proof of claims in Pixius's bankruptcy. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58-59 (1989); *Langenkamp v. Culp*, 498 U.S. 42, 45 (1990); *Shared Network Users Group, Inc. v. WorldCom Technologies, Inc.,* 309 B.R. 446, 451 (plaintiff in removed action voluntarily subjected itself to the equitable jurisdiction of the bankruptcy court by filing its proof of claim). If I am without constitutional authority to enter a final order, my findings of fact and conclusions of law may be treated as proposed findings and conclusions by the district court. *See Executive Benefits Ins. Agency v. Arkison*, 573 U.S. 25 (2014); D. Kan. S.O. 13-1 and D. Kan. Rule 83.8.5(c).

case. I have related-to jurisdiction over the removed action. Exercising my discretion, I find no compelling equitable ground that warrants remand of this action to the Arizona state court. The factors for exercising permissive abstention weigh in favor of my retaining this proceeding. Because so many matters in the bankruptcy case are entangled with the debtor's relationships with the Member Groups and their members, WVL, and one another, and considering that all of these parties appear in some capacity in the main case, these disputes should be tried in this forum, rather than piecemeal in different state and federal courts.

The Motion to remand and alternatively, to abstain is DENIED.

###