# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS AT WICHITA

| | |
|---|---|
| *IN RE:* | ) |
| *PIXIUS COMMUNICATIONS, LLC,* | ) In Proceedings Under Chapter 11 |
| Debtor. | ) |
| *WISPer VENTURES LEASING, LLC,* | ) Bankr Case No. 19-BK-11749 |
| Plaintiff, | ) |
| v. | ) Adversary No.: 19-AP-05110 |
| *ROBERT G. HANSON, et al.,* | ) |
| Defendants. | ) |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT JAY S. MAXWELL'S PRAYER FOR ATTORNEYS' FEES

COMES NOW Plaintiff WISPer Ventures Leasing, LLC ("Plaintiff") by and through its attorneys Sandberg Phoenix & von Gontard P.C., pursuant to Arizona Revised Statutes §§12-341 *et seq.* and §12-349, and in accordance with this Court's Order dated November 17, 2020 [Doc.114] and the parties' joint stipulated motion for extension of time dated December 16, 2020 [Doc. 124], and for its Response in Opposition to Defendant Jay S. Maxwell's ("Maxwell" or "Defendant") prayer for attorneys' fees, state as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated the lawsuit that became this adversary proceeding on August 7, 2019 by filing suit in the Superior Court of the State of Arizona in and for the County of Maricopa. The initial lawsuit contained breach of contract claims against the Debtor Pixius Communications, LLC ("Pixius") as well as breach of contract claims against various individual defendants,

1

14479779.v1

including Maxwell, named as a defendant in his individual capacity and as trustee of the Jay S. Maxwell Trust ("Maxwell Trust") for breach of a subordination agreement between Pixius and the Maxwell Trust. On November 18, 2020, this Court granted Maxwell's motion to dismiss in his individual capacity, on the basis that he was not party to any subordination agreement in that capacity, while his trust, which he caused to execute the agreement, remained a proper defendant.

Plaintiff informed the Court at the hearing on Maxwell's motion to dismiss that based on evidence adduced in discovery, Plaintiff intended to amend its Complaint to include tort claims against Maxwell, based on his tortious interference with the subordination agreement on behalf of the Maxwell Trust. Contemporaneously with this response, Plaintiff has submitted a motion for leave to amend on that basis, including claims against Maxwell in his individual capacity for tortious interference, unjust enrichment, and negligent misrepresentation.

## ARGUMENT

Maxwell's prayer for fees is based on two Arizona statutes. The first, §12-341 provides a discretionary award for the "successful party" in a contested contract action. The second, on §12-349 is a sanctions provision for unjustified actions or abusive litigation conduct. Fees are inappropriate under both provisions.

### I. Maxwell's prayer for fees under §12-341 is not ripe, because the Court cannot determine which party will ultimately be "successful."

§12-341 provides in relevant part that "[i]n any contested action arising out of a contract, express or implied, the court *may* award the successful party reasonable attorney fees." (emphasis added). An award of fees pursuant to this statute is discretionary; it is not an entitlement. *Ader v. Estate of Felger* 375 P.3d 97, 110 (Az. App. Div. 2 2016). In assessing whether to award fees to a successful party under the statute, the Court must assess the following

2

14479779.v1

Case 19-05110    Doc# 134    Filed 12/31/20    Page 2 of 7

factors: (1) whether the unsuccessful party's claim or defense was meritorious; (2) whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result; (3) whether assessing fees against the unsuccessful party would cause an extreme hardship; (4) whether the successful party prevailed with respect to all of the relief sought; (5) whether the legal question presented was novel and whether such claim or defense have previously been adjudicated in this jurisdiction; and (6) whether the award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees. *Wagenseller v. Scottsdale Memorial Hosp.*, 710 P.2d 370, 394 (Ariz. 1985).

However, even prior to conducting the *Wagenseller* factor analysis, the Court must determine whether a litigant is a "successful party" within the meaning of the statute. Because there are additional claims against Maxwell and his trust in Plaintiff's Amended Complaint, the Court cannot make that determination at this time. Where a case involves multiple claims, some of which are successful and some are not, the evaluating court must examine the result of each claim in assessing whether to award fees; it may then apply a percentage of success or a totality of the litigation test. *Medical Protective Co. v. Pang*, 25 F.Supp.3d 1232, 1239 (D. Ariz. 2014). Plaintiff has now asserted multiple tort claims against Maxwell. This Court cannot apply either the percentage of success or a totality of the litigation test absent an adjudication of those claims. Maxwell's prayer for fees is therefore premature and should be denied as not ripe for adjudication.

Furthermore, a defendant is not a "successful party" within the meaning of the statute where he obtains only a partial victory as to one or more claims against him, but does not reduce his overall potential liability. *ARA Incorporated v. City of Glendale*, 360 F.Supp.3d 957, 971

3

(D. Ariz. 2019). The District of Arizona's decision in the *City of Glendale* case demonstrates why this matter is not ripe. There, the plaintiff asserted numerous claims against the City, including breach of contract, account stated, and two statutory claims. *Id*. at 963. The City filed a motion for summary judgment, which the District Court denied as to the breach of contract and statutory claims, but granted as to the account stated claim. *Id*. at 966, 969. The Court denied the City's prayer for fees under § 12-341, because the damages for all counts alleged were the same alleged damages, and "[t]he City prevailed on only one out of four claims and that partial victory didn't reduce the potential liability it still faces." *Id*. at 971.

Because the Amended Complaint asserts additional claims against Maxwell, the same result may occur here. As alleged, Debtor Pixius defaulted on its obligations under a Master Lease Agreement with Plaintiff. The Maxwell Trust, along with the other subordinated defendants, executed subordination agreements related to the indebtedness under the Master Lease Agreement, in which the subordinated defendants agreed not to accept any payments until the indebtedness under the Master Lease Agreement was paid in full. Plaintiff has been damaged to the extent Pixius defaulted on the indebtedness under the Master Lease Agreement while making payments its owners in violation of the subordination agreements. The damages alleged for the breach of contract counts are the same damages alleged against Maxwell in the tort counts. Therefore, in light of the tort claims alleged against Maxwell in Plaintiff's Amended Complaint for the same damages that were alleged against him in the breach of contract count, this Court cannot determine whether Maxwell has affected or reduced his potential liability. Maxwell's prayer for attorneys' fees is not ripe and should therefore be denied.

4

## II. Maxwell's prayer for fees under §12-349 should be denied because the claims against Maxwell in the original Complaint were not groundless or made in bad faith.

Maxwell second bases his prayer for fees on §12-349. This provision provides attorneys' fees may be awarded as a sanction for unjustified actions "at the court's discretion" where a party (1) brings a claim without substantial justification; (2) brings a claim primarily for delay or harassment; (3) unreasonably expands or delays a proceeding; or (4) engages in abuse of discovery. §12-349(A). Maxwell claims the claims against him in the original Complaint were not justified, therefore falling under subsection (A)(1).

Importantly, in order to demonstrate a claim is made "without substantial justification," under subsection (F), Maxwell must show the claim "is groundless *and* is not made in good faith." (emphasis added). Maxwell must prove both elements by a preponderance of the evidence. *City of Casa Grande v. Arizona Water Co.*, 20 P.3d 590, 598 (Ariz. Ct. App. 2001) (addressing prior version of statute). Maxwell cannot make either required showing.

As an initial matter, Maxwell has not asserted, alleged, or provided any evidence the claims against him in the original Complaint were made in bad faith. This deficiency alone defeats his prayer for fees under this section. *Id*.

Furthermore, Plaintiff's claims against Maxwell in the original Complaint were not groundless. As set forth in greater detail in Plaintiff's response in opposition to Maxwell's motion to dismiss [Doc. 71], Arizona law specifically provides that a trustee is subject to personal liability "for obligations arising from ownership or control of Trust property, including liability for violation of environmental law, only if the trustee is personally at fault." A.R.S. § 14-11010(B). The Court of Appeals for the Ninth Circuit, applying Arizona law, nonetheless suggested it means the trustee must have "intentionally or negligently acted or failed to act in a

manner that established a personal fault." *Biltmore Assocs., LLC v. Twin City Fire Ins. Co.*, 572 F.3d 663, 676 (9th Cir. 2009) (citing *Haskett v. Villas at Desert Falls, Inc.*, 90 Cal.App.4th 864, 108 Cal. Rptr. 2d 888 (2001)). Other courts construing similar statutory language have held the trustee's personal liability may be implicated upon evidence the trustee "personally committed, inspired, or participated in the alleged torts." *Hector v. Bank of New York Mellon*, 244 Md. App. 322, 341, 223 A.3d 1061, 1071, cert. granted, 468 Md. 544, 228 A.3d 163 (2020).

While this Court ultimately dismissed those claims as to Maxwell, that does not mean the claims were groundless under Arizona law. The mere fact that a party is ultimately unable to sustain its claim does not equate to a determination that the claim itself was frivolous, unjustified, or put forth for an improper purpose. *Compassionate Care Dispensary, Inc. v. Arizona Department of Health Services* 418 P.3d 978, 989 (Ariz. App. Div.1 2018).

## CONCLUSION

As stated, Maxwell's prayer for fees under §12-341 is not ripe, because the Court cannot determine which party will ultimately be "successful." Maxwell's prayer for fees under §12-349 must be denied because the claims against Maxwell in the original Complaint were not groundless or made in bad faith. Based on the foregoing, Maxwell's prayer for fees in relation to his motion to dismiss should be DENIED.

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ Lyndon Sommer*
Sharon L. Stolte, KS #14302
Lyndon Sommer, *pro hac vice*
Benjamin R. Wesselschmidt, *pro hac vice*
4600 Madison Ave., Suite 1000
Kansas City, MO 64112

6

Tel: 816.627.5543
Fax: 816.627.5532
sstolte@sandbergphoenix.com
lsommer@sandbergphoenix.com
bwesselschmidt@sandbergphoenix.com
*Attorneys for WISPer Ventures Leasing, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2020, a true and correct copy of the foregoing objection was electronically filed with the Clerk of the Court by using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

*/s/ Lyndon Sommer*